IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ERIC FARRELL CHASTAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:22-CV-03182-WJE |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

For a second time, Plaintiff Eric Farrell Chastain seeks judicial review of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–434, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. This matter returns to this Court after its initial reverse and remand because the Administrative Law Judge ("ALJ") again found that although Mr. Chastain had several severe and non-severe impairments, he retained the residual functional capacity ("RFC") to perform light work with some limitations. After carefully reviewing the record and the parties' arguments in this second instance, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

**I. Background**

Mr. Chastain protectively filed claims for DIB and SSI[1] on March 21, 2017. (AR 51). He alleged a disability onset date of January 7, 2016, due to double hernia pain, a foot rash, arthritis

---

[1] Mr. Chastain filed a subsequent claim for SSI on December 18, 2019. (AR 824). The ALJ then consolidated his claims for SSI. (*Id.*).

in his hands, swelling in his right index finger, left thumb muscle, and depression. (*Id.* 217, 824). His claims were initially denied on August 17, 2017. (*Id.* 51). He filed a written request for a hearing which was held on January 29, 2019. (*Id.*). On May 6, 2019, the ALJ denied Mr. Chastain's claims. (*Id.* 48). Following the ALJ's decision, Mr. Chastain filed an appeal with the Appeals Council. (*Id.* 166–67). The Appeals Council denied his request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1–3). Mr. Chastain then appealed to this Court, and the Court remanded the Acting Commissioner's decision for further consideration and development of the record.[2] (*Id.* 949–51, 954–58). On July 13, 2020, the Appeals Council remanded his claims back to the ALJ. (*Id.* 960–62).

Upon remand, a new hearing was held on February 16, 2021. (*Id.* 824. 888). On May 3, 2021, the ALJ denied Mr. Chastain's claims. (*Id.* 821–23). The ALJ determined that although Mr. Chastain had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 828–32). The ALJ also determined that Mr. Chastain had an RFC to perform light work with certain limitations, including:

> He can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for six hours in an eight-hour workday. He can sit for six hours in an eight-hour workday. The claimant can occasionally handle and finger bilaterally. He can occasionally reach overhead with the upper right extremity. The claimant can have occasional exposure to cold, wetness, vibration, and hazards, such as heights and moving machinery. The claimant has the ability and concentration for simple tasks involving routine work-related decisions with simple judgment and only occasional work place changes. The claimant can have occasional contact with the public, coworkers, and supervisors.

(*Id.* 833). During the hearing on May 3, 2021, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Mr. Chastain's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 843, 915, 917). The VE testified that such

---

[2] This prior appeal and subsequent remand addressed issues not pertinent here. (AR 954–58; Doc. 10 at 9, fn. 1).

an individual could perform work as a bakery worker, fruit distributor, or thermal-surfacing-machine operator (*Id.* 843, 915, 917–19).

Following the ALJ's decision, Mr. Chastain filed an appeal with the Appeals Council. (*Id.* 1027–28). The Appeals Council denied his request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 814–17). Because Mr. Chastain has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707–08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091–92 (8th Cir. 2012).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003). The reviewing court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

### IV. Discussion

Mr. Chastain raises two issues in his appeal before the Court. He argues: (1) the mental RFC is not supported by substantial evidence because it is not based on medical evidence of his ability to function in the workplace; and (2) the ALJ improperly dismissed the severity of his mental conditions when she attributed his symptoms to alcohol and substance use. (Doc. 10 at 9–23; Doc. 16 at 1–5). The Acting Commissioner argues: (1) there is substantial evidence in the record as a whole to support the mental RFC; and (2) the ALJ was not required to assess the materiality of Mr. Chastain's alcohol and substance use because the ALJ found he was not disabled. (Doc. 15 at 4–19). The Court finds that the mental RFC is supported by substantial

evidence, and the ALJ erred by not conducting the two-step process related to Mr. Chastain's alcohol and substance use but that such error was harmless.

  A. *The mental RFC is supported by substantial evidence.*

  The RFC is "the most [a claimant] can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quotations omitted). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217–18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). "The RFC must (1) give 'appropriate consideration to all of [the claimant's] impairments,' and (2) be based on competent medical evidence establishing the 'physical and mental activity that the claimant can perform in a work setting.'" *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) (quoting *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996)). "The RFC 'must be supported by some medical evidence' but does not need to 'be supported by a specific medical opinion.'" *Hendrix v. Kijakazi*, No. 21-00004-CV-W-WBG, 2022 WL 4534962, at *2 (W.D. Mo. Sept. 28, 2022) (quoting *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016)). The ALJ is not required "in all instances [to] obtain from medical professionals a functional description that wholly connects the dots between the severity of pain and the precise limitations on a claimant's functionality." *Noerper v. Saul*, 964 F.3d 738, 746 (8th Cir. 2020).

  Here, the mental RFC is supported by substantial evidence. The ALJ properly determined Mr. Chastain's mental RFC based on all the relevant evidence in the record. (AR 835–37); *see Pearsall*, 274 F.3d at 1217–18 (citing *Anderson*, 51 F.3d at 779). Despite assigning little weight to the opinions of Dr. John Brandt, Dr. Keith Allen, Dr. Ronald D. Glass, and Ms. Amber Brewer,

and no weight to Ms. Michaela Carroll's opinion, the ALJ relied on other medical evidence to formulate Mr. Chastain's mental RFC. (AR 835–37, 839–41); *see Hendrix*, 2022 WL 4534962, at *2. Specifically, the ALJ relied on Mr. Chastain's relatively normal mental status examinations, which showed he was "alert, oriented, pleasant, cooperative," "frequently presented with normal mood, appropriate affect, appropriate behavior, normal speech," "no signs of acute distress" and "showed fair insight and judgment" during exams. (AR 835–37). The ALJ noted that Mr. Chastain's mental impairments were treated "conservatively with therapy and prescribed medication[,]" and the medical evidence indicates Mr. Chastain "was doing better when he was on the medications" which does not support a finding of disability. (*Id*. 309, 828, 837, 1319, 1324–25, 1341); *see Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."). Beyond the objective medical evidence, the ALJ also considered Mr. Chastain's testimony at the hearing, ultimately determining that his statements regarding the intensity, persistence, and limiting effects of his symptoms were inconsistent with and not supported by the objective medical evidence. (AR 835). Lastly, the ALJ considered Mr. Chastain's wide range of daily activities, noting he prepared meals, performed chores, shopped in stores monthly, attended his grandchildren's events sometimes, and had performed substantial gainful activity. (*Id*. 837). Thus, the RFC is supported by substantial evidence.

> B. *The ALJ erred by discounting symptoms related to Mr. Chastain's alcohol and substance use, but the error was harmless.*

The SSA regulations outline a two-step process for how to account for alcohol or substance use disorders in disability determinations. *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003); 20 § C.F.R. 404.1535. First, the ALJ must determine if a claimant is disabled "without segregating out any effects that might be due to substance use disorders" and "without deductions

for the assumed effects of substance use disorders." *Brueggemann*, 348 F.3d at 694 (citation omitted); *see also* 20 § C.F.R. 416.935. Second, if the ALJ finds the claimant's total limitations indicate he is disabled, then the ALJ must determine "which limitations would remain when the effects of the substance use disorders are absent." *Brueggemann* at 694–95. An ALJ's failure to follow this two-step process is "legal error." *Id.* at 695. The error is harmless if the ALJ, had she followed the required two-step procedure, would have found alcohol or substance use a contributing factor material to the determination of disability. *Id.*; *see also Watkins v. Astrue*, No. CIV. 09-5064-RHB, 2010 WL 3360428, at *4 (D.S.D. Aug. 23, 2010) (finding harmless error where there was "no evidence in the record that would indicate that [the claimant] suffer[ed] from any impairment or combination of impairments that, independent of his alcoholism, render[ed] him disabled.").

Here, the ALJ did not follow the proper procedure. Instead of assessing all of Mr. Chastain's symptoms—including those attributable to his alcohol and substance use—in her initial disability determination, she discounted symptoms related to Mr. Chastain's alcohol and substance use then found he had no disability. (AR 835–37, 844). For example, after summarizing Mr. Chastain's testimony that he suffered from depression, bipolar mood, anxiety, hallucinations, and suicidal ideations, the ALJ discounted those symptoms by noting he "also testified to having a history of methamphetamine and marijuana use." (*Id.* 835). And after summarizing medical evidence that Mr. Chastain "showed anxi[ety], depress[ion], or irritable mood, tearful and labile affect, intense demeanor, fidgety behavior . . . and signs of distress during some objective exams[,]" the ALJ again discounted those symptoms by noting he "also reported that he used marijuana during the relevant period" and there were "signs of recent amphetamine use." (*Id.*). The ALJ also noted that "[i]n august 2018, a urine drug screen showed signs of recent

amphetamine use, which may have contributed to the claimant's abnormal mental status around that time." (*Id.* 837). This was error. *See Brueggemann*, 348 F.3d at 694.

However, the error was harmless. Had the ALJ followed the proper procedure and not discounted his symptoms attributable to alcohol and substance use in the initial disability determination, she still would have reached the decision that Mr. Chastain was not disabled. The ALJ noted that the record "does not indicate that the claimant's . . . methamphetamine and THC abuse caused disabling mental impairments." (AR 837); *see Watkins*, 2010 WL 3360428, at *4. Moreover, the ALJ repeatedly referenced Mr. Chastain's alcohol and substance use throughout her opinion (*see* AR 830, 835, 837), which suggests that even assuming she initially determined Mr. Chastain was disabled, she would have found Mr. Chastain's alcohol and substance use to be a material contributing factor in that determination. *See Lile v. Comm'r of Soc. Sec. Admin.*, No. 4:18-00228-CV-RK, 2019 WL 1916198, at *3 (W.D. Mo. Apr. 30, 2019). The evidence in the record suggests that nearly all of Mr. Chastain's severe mental health episodes appear to have occurred when he was using methamphetamine. (AR 309, 469, 472, 1168, 1370). "Remanding this case to the ALJ so she can break the drug-and-alcohol analysis into a separate step would achieve the same result." *Id*. Thus, the Court finds that the ALJ's error amounts only to harmless error.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Mr. Chastain was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 15th day of May 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge